**JELLISON LAW OFFICES, PLLC**
18801 North Thompson Peak Parkway
Suite D-235
Scottsdale, Arizona 85255
Telephone: 480.659.4244
JAMES M. JELLISON, ESQ., #012763
E: jim@jellisonlaw.com
E: admin@jellisonlaw.com

   *Counsel for Defendants Santa Cruz County Sheriff Hathaway; Sergeants Rodriguez, Garcia, Flores; Detectives Ainza, Barba; Deputies Bunting, Lopez, Castaneda; and Commander Marquez*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE STATE OF ARIZONA**

| | |
|---|---|
| George Alan Kelly,<br><br>                      Plaintiff,<br><br>v.<br><br>County of Santa Cruz, et al.,<br><br>                      Defendants. | Case No. 4:25-cv-00040-RM<br><br>**DEFENDANTS' HATHAWAY, RODRIQUEZ, GARCIA, FLORES, AINZA, BARBA, BUNTING, LOPEZ, CASTENEDA, AND MARQUEZ' REPLY IN SUPPORT OF MOTION TO DISMISS COMPLAINT (Doc. 1)**<br><br>**(Oral Argument Requested)** |

      Pursuant to Fed.R.Civ.P. 12(b)(6), Defendants Santa Cruz County Sheriff David Hathaway; Detective Jorge Ainza; Detective Mario Barba; Detective Joseph Bunting; Deputy Cristobal Castaneda; Sergeant Alfonso Flores; Sergeant Omar Rodriquez; Sergeant Lluvia Garcia; Commander John Marquez; and Deputy Rafael Lopez, by and through undersigned counsel, respectfully submit their reply in support of their Motion to Dismiss Plaintiff's Complaint (Doc. 1).

### A. Plaintiff Cannot Refute the Judicial Determination of Probable Cause.

Different judicial rulings found probable cause to prosecute Plaintiff Kelly. Plaintiff argues these findings are not dispositive because they relied on "fabricated" or "perjured" testimony. But he forgets that he participated in these *contested* hearings where he was represented by counsel, and was able to present evidence, engage in cross-examination, and make argument. With all of these procedural safeguards, the issue of probable cause was judicially determined, and Plaintiff is bound by that determination for purpose of this civil litigation.

A plaintiff must establish a lack of probable cause in order to prevail on a § 1983 false arrest or false imprisonment claim. *See, Norse v. City of Santa Cruz,* 629 F.3d 966, 978 (9th Cir.2 010) (citing *Cabrera v. City of Huntington Park,* 159 F.3d 374, 380 (9th Cir. 1998)). To maintain a § 1983 action for malicious prosecution, a plaintiff must show that "the defendants prosecuted [him] with malice and without probable cause, and that they did so for the purpose of denying [him a] specific constitutional right." *Freeman v. City of Santa Ana,* 68 F.3d 1180, 1189 (9th Cir. 1995). "[P]robable cause is an absolute defense to malicious prosecution." *Lassiter v. City of Bremerton,* 556 F.3d 1049, 1054-55 (9th Cir. 2009). A § 1983 plaintiff may establish a conspiracy by showing an agreement or meeting of the minds to violate his constitutional rights. *Crowe v. County of San Diego,* 608 F.3d 406, 440 (9th Cir. 2010) (citing *Mendocino Envtl. Ctr. v. Mendocino County,* 192 F.3d 1283, 1301 (9th Cir. 1999)). However, in the absence of any evidence of a meeting of the minds or a constitutional violation, a plaintiff's conspiracy claim must also be dismissed. *Woodrum v. Woodward County,* 866 F.2d 1121, 1126 (9th Cir. 1989) (noting absence of any facts supporting a meeting of the minds and the failure to allege any actual deprivation of constitutional rights, and concluding plaintiff's conclusory allegations of conspiracy did not give rise to § 1983 liability). Accordingly, the absence of probable cause is fatal to

Plaintiff's claims for false arrest, false imprisonment, malicious prosecution, and a conspiracy to accomplish these things.

A determination of probable cause by an independent decision-maker is sufficient. "[P]robable cause for an arrest 'may be satisfied by an indictment returned by a grand jury." *Hart v. Parks,* 450 F.3d 1059, 1066–67, 1070-71 (9th Cir. 2006) ("'[P]robable cause may be founded upon hearsay and upon information received from informants, as well as upon information within the affiant's own knowledge that sometimes must be garnered hastily.") (quoting *Franks v. Delaware,* 438 U.S. 154, 165 (1978)). Additionally, a state court finding of probable cause is sufficient to support plaintiff's violation of criminal law. *Williams v. Duffy*, No. C10-0084-JLR, 2011 WL 2006433, at *4 (W.D. Wash. Apr. 22, 2011), *report and recommendation adopted,* No. C10-0084-JLR, 2011 WL 2006350 (W.D. Wash. May 23, 2011). Plaintiff's assertion in his Response, that the state court's determinations of probable cause may not be credited, is based on his subjective assessment that witness D.R.R. was not credible, and his speculative and conclusory allegation that evidence was fabricated. Curiously, Plaintiff offers this Court no specific citations to his own Complaint or to the state court proceedings attached to the Motions to Dismiss, instead relying on vague and conclusory allegations of fabrication. Such unsupported allegations are insufficient to overcome the judicial determination of probable cause. *Hart,* 450 F.3d at 1071; *McCarthy v. Mayo,* 827 F.2d 1310, 1315–16 (9th Cir.1987). Indeed, Plaintiff's reliance on conclusory and speculative allegations of fabrication distinguish this case from the authorities relied on by Plaintiff. Plaintiff may not agree with D.R.R.'s testimony, but he was able to cross-examine D.R.R. to challenge D.R.R.'s veracity. As to any other witness, Plaintiff fails to point to fabricated evidence or testimony resulting in the probable cause determinations.

The fatal flaw in Plaintiff's argument, however, is that he and his counsel actually

made the same arguments to the superior court judge that they are making now – and those arguments were rejected in favor of a finding of probable cause.  Unlike a grand jury proceeding, a preliminary hearing is an adversary judicial proceeding, designed to litigate the issue of probable cause to try the accused on criminal charges, in which the accused may cross-examine witnesses pertinent to the issue of probable cause to arrest, and present evidence negating the existence of probable cause, which gives the accused ample opportunity to litigate the issue of probable cause to arrest and prosecute.  *McCutchen v. City of Montclair*, 73 Cal. App. 4th 1138, 1146–47 (1999); *Patterson v. City of Yuba City*, 748 F. App'x 120, 121 & n.1 (9th Cir. 2018);  *Wige v. City of Los Angeles*, 713 F.3d 1183, 1185 (9th Cir. 2013); *Tompkins v. Spokane Cnty.*, No. CV-07-0195-FVS, 2009 WL 269386, at *3 (E.D. Wash. Jan. 30, 2009), *aff'd sub nom. Tompkins v. Spokane Cnty., Washington*, 382 F. App'x 661 (9th Cir. 2010).

The superior court's probable cause determinations are dispositive of each and every claim made by Plaintiff.

### B. Plaintiff Fails to Overcome the Entitlement to Qualified Immunity for the Sheriff's Office Defendants.

In § 1983 suits, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal,* 556 U.S. 662, 676 (2009).  To overcome a public official's entitlement to qualified immunity, the plaintiff must also show that the individual's alleged constitutional misconduct also violates clearly established law.  *Shafer v. Cnty. of Santa Barbara,* 868 F.3d 1110, 1118 (9th Cir. 2017).  Lumping individual defendants together does not suffice to sustain the burden. The plaintiff (and the Court) "must carefully the specific factual allegations against each individual defendant." *Cunningham v. Gates,* 229 F.3d 1271, 1287 (9th Cir. 2000).

Plaintiff's Response gives short shrift to the individual Defendants' entitlement to qualified immunity, providing no individualized assessment of conduct and offering no clearly established law violated. *See,* Doc. 35, pgs. 15-16 of 23. Plaintiff's Response fails to demonstrate a plausibly stated constitutional claim as to any individual Santa Cruz County Sheriff's Defendant, much less a claim supported by clearly established constitutional law on an individualized basis. Plaintiff does not dispute that "arguable probable cause" is the standard to support qualified immunity in cases of alleged false arrest, false imprisonment, malicious prosecution, or conspiracy related to these actions. *See, e.g. Rosenbaum v. Washoe Cnty.,* 663 F.3d 1071, 1076-78 (9th Cir. 2011). Yet, an eyewitness saw Plaintiff Kelly commit the homicide and, aside from that witness, it is undisputed that a man was shot dead near Kelly's house, Kelly admits shooting his rifle in the man's direction, Plaintiff Kelly provided inconsistent stories concerning his action, Kelly does not claim he shot the decedent in self-defense, and no other shooter was identified. This is exactly the kind of evidence supplying the "arguable probable cause" necessary to recognize qualified immunity for arrest, pre-trial imprisonment, and prosecution. *See, e.g., Clayborn v. Struebing,* 744 F.3d 807, 908 (9th Cir. 2013).

**C.  Conclusion**

For the reasons stated in Defendants' Motion (Docs. 28, 28-1, 28-2) and this Reply, as well as the arguments as to probable cause offered by Defendants Santa Cruz County and Silva (Docs. 30, 30-1, 30-2, and 38), the Court should dismiss all claims, with prejudice.

DATED this 25th day of September, 2025.

                                                JELLISON LAW OFFICES, PLLC

                                                s/ *James M. Jellison*
                                                  James M. Jellison, Esq.
                                                  *Counsel for Sheriff's Office Defendants*

6

**CERTIFICATE OF FILING & SERVICE**

I hereby certify that on September 25, 2025, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing with service on the following registrants, or by mail if not a registrant:

Adam Crawshaw, Esq.
CRAWSHAW LAW FIRM, PLLC
P.O. Box 32845
Phoenix, Arizona 85064
Tel: 210.595.1553
E: adam@crawshawlaw.com
 *Counsel for Plaintiff*

Robert P. Wilson, Esq.
CARABIN & SHAW, P.C.
875 E. Ashby Place, Ste 1100
San Antonio, Texas 78212
T: 210.222.2288
E: rwilson@carabinshaw.com
 *Counsel for Plaintiff, pro hac vice*

Kathleen L. Wieneke, Esq.
Laura Van Buren, Esq.
WIENEKE LAW GROUP, PLC
1225 West Washington Street, Suite 313
Tempe, Arizona 85288
T: 602.715.1868
E: kwieneke@wienekelawgroup.com
E: lvanburen@wienekelawgroup.com
 *Counsel for Defendants Santa Cruz County and Silva*

By: s/ *Valerie Hall*